IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:03CV396-V

| | |
|---|---|
| **COMMERCIAL PABLO, C. por A.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| V. ) | |
| **GENERAL TIRE INTERNATIONAL** ) | **ORDER** |
| **COMPANY,** ) | |
| ) | |
| **Defendant** ) | |
| _____) | |

**THIS MATTER IS BEFORE THE COURT** upon Plaintiff's motion for summary judgment (doc. 7).[1]

**I. Factual and Procedural Background**

Plaintiff filed this diversity action seeking to enforce a money judgment rendered in its favor in by the courts in the Dominican Republic.

On February 5, 1987, Plaintiff's predecessor in interest, Elias A. Pablo & Hnos., C. por A. ("Elias") entered into a distributorship agreement ("Agreement") with Defendant whereby Elias became Defendant's distributor of tires, tubes and replacement accessories in the Dominican Republic. In 1991, Defendant alleges that Plaintiff began a pattern of failure to comply with the payment terms of the Agreement. Defendant alleges that Plaintiff was consistently late with payments or paid with

---

[1] This case was recently re-assigned to this Court following the death of the presiding judge.

1

unsigned checks or checks that lacked sufficient funds to cover the amount drawn. After four years of Plaintiff's chronic failure to make payments, and failure to meet with Defendant's representatives to make other reasonable payment arrangements, Defendant terminated the Agreement in February of 1994.

On February 15, 1995, Plaintiff filed a civil action against Defendant for damages, alleging wrongful termination of the Agreement. The Dominican court found in favor of Plaintiff and awarded damages in excess of $34 million. These are not actual damages but are the result of a method of calculation of damages peculiar to Dominican law which is undisputedly excessive and punitive towards non-Dominican nationals. This award was affirmed in the Dominican courts of appeal. Defendant alleges that it was unable to present, or have considered by the Dominican courts, evidence regarding Plaintiff's refusal to make payments - the condition which Defendant alleges compelled it to terminate the Agreement. Defendant alleges that corruption and protectionism so infected the proceedings in the Dominican courts as to make the judgment unenforceable here.

Plaintiff moved for summary judgment prior to the taking of any discovery, arguing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. For the following reasons, the motion is denied.

**II. Analysis**

### A. Summary Judgment Standard

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also, Matsushita Elec. Indus Co, Ltd. v. Zenith Radio Corp,* 475 U.S. 574, 585-86 (1986). The moving party bears the initial burden of identifying the materials which demonstrate the absence of a genuine issue of material fact, but the moving party need not negate the adverse party's claim. *Celotex Corp v. Catrett.* 477 U.S. 317, 323 (1986). There is no genuine issue of material fact if the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case on which the party will bear the burden of proof at trial. *Id.* at 322-23. In evaluating whether a dispute about a material fact is genuine, the court must determine whether "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc* 477 U.S. 242, 248 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. Although the court must view the evidence in the light most favorable to the nonmoving party, Rule 56 does not relieve the non-movant of the

responsibility to rebut the motion and the burden of producing evidence that would support a jury verdict. *Id.* at 256.

### B. Relevant authority

The Fourth Circuit has repeatedly emphasized that summary judgment should be denied where the non-movant has not had adequate time to conduct discovery. *See HealthSouth Rehabilitation Hospital v. American National Red Cross*, 101 F. 3d 1005 (4th Cir. 1996)(district court should refuse to grant summary judgment when opposing party needs additional time to complete discovery to properly respond to the motion); *Evans v. Technologies Applications & Services Co.*, 80 F. 3d 954, 961 (4th Cir. 1996)(as a general rule, summary judgment is appropriate only after "adequate time for discovery,") *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Temkin v. Frederick County Comm'rs*, 945 F.2d 716, 719 (4th Cir. 1991), *cert. denied*, 502 U.S. 1095(1992).

Regarding the enforcement of a foreign judgment, where a federal district court's jurisdiction is founded on diversity of citizenship, the district court must look to the law of the forum state in determining whether to recognize and enforce a foreign country's judgment. *See Guinness PLC v. Ward*, 955 F. 2d 875 (4th Cir. 1992). As the forum state here is North Carolina, this case is governed by the North Carolina Foreign Money Judgments Recognition Act ("Recognition Act"), N.C.G.S. §1C-1800, *et seq*. The Recognition Act provides that where a foreign judgment is final, conclusive,

4

and enforceable where rendered, that judgment is conclusive between the parties unless the judgment debtor can establish one of the defenses set forth in Section 1C-1804 of the Recognition Act.

The defenses, or grounds for non-recognition, include both mandatory and discretionary grounds for non-recognition. The mandatory grounds for non-recognition include (1) a lack of impartial tribunals or due process in the rendering court; (2) lack of personal jurisdiction; and (3) lack of subject matter jurisdiction. *See § 1C-1804(a)(1)-(3)*. If any one of the mandatory grounds for non-recognition applies, this Court is precluded from recognizing the foreign judgment. *See § 1C-1804(a)*.

The discretionary grounds for non-recognition include situations where: (1) there was a lack of sufficient notice of the proceedings; (2) the judgment was obtained by fraud; (3) the cause of action is repugnant to public policy; (4) the judgment conflicts with another final and conclusive judgment; (5) the proceedings conflict with a settlement agreement; (6) the foreign court was an unduly inconvenient forum for trial; and (7) non-reciprocity. *See §1C-1804(b)(1)-(7)*. Plaintiff contends that if a foreign judgment is recognized under the Recognition Act, it is enforceable by the filing of a civil action, such as the instant action, under the North Carolina Uniform Enforcement of Foreign Judgments Act

("Enforcement Act"), N.C.G.S. §1C-1701, *et seq.*[2]

### C. Application

Plaintiff first argues that Defendant can point to no genuine issue as to any material fact and thus, Plaintiff is entitled to summary judgment as a matter of law. Defendant avers that there are many issues of material fact that need to be explored in discovery that are directly related to the motion for summary judgment. Specifically, Defendant notes that it intends to present evidence and argument on a variety of issues related to the first mandatory ground for non-recognition, the one regarding a lack of impartial tribunals or due process in the rendering court.

This Court finds that Defendant has presented sufficient evidence to raise the issue of a lack of impartial tribunals or due process in the rendering court. Defendant has the right to discovery of evidence relevant to this issue as it relates specifically to the judgment at issue. To deny Defendant access to such information denies Defendant the due process embodied in this judicial system. This carries an unacceptable risk of manifest injustice to a Defendant whose defense is grounded in the argument that it was denied due process and impartiality in the rendering court.

---

[2] To the contrary, Defendant argues that the Enforcement Act is only applicable to the judgments of sister states, not foreign countries. It is not necessary for this Court to resolve the disputed point of law for purposes of the instant motions.

6

Defendant has not had the opportunity to conduct *any* discovery in this case and has persuasively argued that issues of fact remain and judgment cannot be rendered as a matter of law. Under these circumstances, summary judgment is inappropriate. *See Healthsouth Rehabilitation Hospital v. American National Red Cross*, 101 F. 3d 1005 (4th Cir. 1996); *Evans v. Technologies Applications & Services Co.*, 80 F. 3d 954 (4th Cir. 1996); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

Plaintiff contends that even if Defendant has sufficiently shown that genuine issues of material fact remain, this Court should ignore Defendant's showing and grant summary judgment because affidavits submitted in support of Defendant's brief were not specifically denoted as "Rule 56(f)" affidavits. This argument is unpersuasive.

Plaintiff cites *Evans v. Technologies Applications & Services Co.*, 80 F. 3d 954, 961 (4th Cir. 1996), as holding that when a party asks a court to deny a summary judgment motion because it needs additional discovery, the non-moving party must file a Rule 56(f) affidavit. *See* Federal Rule of Civil Procedure 56(f).

However, the *Evans* Court was making the point that a Court needs to be able to assess whether additional discovery is needed by a party opposing a summary judgment motion. Rule 56(f) affidavits are a vehicle through which a party can establish the need for further discovery by pointing out what information is

7

sought and how it is relevant to the motion for summary judgment. The *Evans* court stressed the need for the Rule 56(f) affidavit for the information it contained, not the title it carried.

Plaintiff is technically correct that none of Defendant's pleadings were entitled "Rule 56(f) affidavits." However, Defendant has adequately informed this Court, through these pleadings, affidavits, and the propounded discovery itself, of the information sought and its relevance to the summary judgment motion. This meets the spirit, if not the letter, of a Rule 56(f) affidavit. This Court will not grant the motion for summary judgment on this technicality.

### III. Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED THAT** Plaintiff's motion for summary judgment (doc. 7) is **DENIED, WITHOUT PREJUDICE.**

**Signed: June 9, 2005**

Richard L. Voorhees
United States District Judge